UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY LESLIE RIVERA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AT&T MOBILITY SERVICES, LLC,<br><br>　　　　Defendant. | Case No.  1:25-cv-00400-JLT-CDB<br><br>ORDER DISCHARGING OCTOBER 21, 2025, ORDER TO SHOW CAUSE<br><br>(Doc. 17)<br><br>ORDER ON PARTIES' STIPULATED REQUEST TO CONTINUE DEADLINE TO FILE DISPOSITIONAL DOCUMENTS<br><br>(Doc. 18)<br><br>**October 31, 2025, Deadline** |

　　　Plaintiff Wendy Leslie Rivera ("Plaintiff") initiated this action with the filing of a complaint on March 3, 2025, in the Kern County Superior Court (BCV-25-100763), against Defendant AT&T Mobility Services, LLC ("Defendant") before Defendant removed the action to this Court on April 7, 2025. (Doc. 1).

　　　On August 20, 2025, following the parties' filing of a jointly executed notice of settlement (Doc. 15), the Court ordered Plaintiff to file dispositional documents by October 20, 2025, and vacated all other case management dates, conferences, and filing requirements. (Doc. 16) (citing Local Rule 160(b)). After Plaintiff failed to comply with the Court's order to timely file dispositional documents, on October 21, 2025, the Court ordered Plaintiff to show cause in writing why sanctions should not be imposed for her failure to comply with the Court's orders. (Doc. 17). Plaintiff was provided the

opportunity to comply with the order in the alternative by filing dispositional documents by that same deadline. *Id.*

Pending before the Court is the parties' joint stipulated request to continue the deadline to file dispositional documents, filed on October 23, 2025. (Doc. 18). Therein, Plaintiff represents she did not file dismissal documents because the parties "still have outstanding duties under the settlement agreement, including the payment of settlement funds to Plaintiff" and counsel for Plaintiff apologizes to the Court for not seeking an extension prior to the deadline to do so. *Id.* at 3. The parties represent that following the parties' signing of the settlement agreement as of September 19, 2025, the deadline for Defendant's performance under the agreement, including payment of settlement funds to Plaintiff, is November 18, 2025. *Id.* The parties therefore stipulate and seek to extend the deadline to file dispositional documents by 30 days "to allow completion of settlement performance, including payment, prior to dismissal." *Id.* at 4.

Based on the representations by counsel for Plaintiff in response to the Court's order to show cause, the Court finds that counsel's conduct cited therein is the result of excusable neglect. *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). Accordingly, the Court finds good cause to discharge the Order to Show Cause, and the Order to Show Cause (Doc. 17) will be discharged without imposition of sanctions.

However, the Court does not find good cause to grant the parties' stipulated request to continue the deadline to file dispositional documents. In this District, parties are required to file dispositional documents no later than 21 days after the filing of a notice of settlement "absent good cause." *See* Local Rule 160. Based on the parties' filing of a notice of settlement and representations therein (Doc. 15), the Court set the deadline by which Plaintiff shall file dispositional documents to October 20, 2025. (Doc. 16). Here, the parties' apparent desire and intention to delay filing dispositional documents until after they have completed performance of terms pursuant to their settlement agreement does not constitute good cause for any further extension. That is because, generally, a party's claims are resolved by an enforceable settlement agreement pursuant to which the parties' remedies for inadequate performance may be obtained through separate breach of contact action.

In short, as the parties have resolved their claims pursuant to an enforceable contract, the Court declines to maintain this case in active status to supervise the parties' performance of their undisclosed, private settlement agreement because they have not shown that exercising jurisdiction over the performance of their agreement is "essential to the conduct of federal-court business." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

The Court previously admonished Plaintiff that she may be subject to sanctions for failure to timely comply with the Court's order to file dispositional documents. (Doc. 17). Although it appears Plaintiff neglected to account for this admonishment, the Court will grant a brief extension of the filing deadline but cautions Plaintiff that any further noncompliance with the Court's orders will result in the imposition of sanctions. The Court will not consider any further requests by the parties for extensions of the deadline unless they demonstrate good cause unrelated to the parties' performance under their settlement agreement.

**Conclusion and Order**

For the reasons stated above, it is HEREBY ORDERED that:

1. The Court's October 21, 2025, Order to Show Cause (Doc. 17) is DISCHARGED without the imposition of sanctions; and

2. Plaintiff shall file dispositional documents no later than **October 31, 2025**.

**Any failure by Plaintiff to timely comply with this order will result in the imposition of sanctions, including financial sanctions and/or a recommendation to dismiss this case**.

IT IS SO ORDERED.

Dated: **October 27, 2025**

UNITED STATES MAGISTRATE JUDGE